# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO.<br>3:04cv1866 (SRU) |
| BRONSON PARTNERS, LLC, et al.,<br>    Defendants. | |

## RULING ON MOTION TO STRIKE

The Federal Trade Commission ("FTC") sued Bronson Partners, LLC and its principal

manager, Martin Howard.  The FTC has alleged that Bronson Partners and Howard engaged in

deceptive advertising, marketing, and sale of weight loss products, in violation of sections 5(a)

and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 52.  The FTC

named H & H Marketing, LLC and Sandra Howard as nominal or relief defendants in the action.

The parties have stipulated to a preliminary injunction.

The FTC has moved to strike the defendants' ten affirmative defenses and jury demand.

For the reasons set forth below, I grant the plaintiff's motion in part and deny it in part.

## I.      Discussion

### A.      Standard on Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from "any pleading

any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed.

R. Civ. P. 12(f).  "A motion to strike an affirmative defense . . . for legal insufficiency is not

favored and will not be granted unless it appears to a certainty that plaintiffs would succeed

despite any state of the facts which could be proved in support of the defense."  *Salcer v. Envicon

Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal quotation marks and citations

omitted), *rev'd and vacated on other grounds by Salcer v. Envicon Equities Corp.*, 478 U.S. 1015 (1986) (mem.).  Moreover, even when the facts are not disputed, a motion to strike for insufficiency is not intended to furnish an opportunity for the determination of disputed and substantial questions of law.  *Id.*

      B.    <u>Affirmative Defenses</u>

          1.    *Good Faith*

Courts have held that good faith is not a defense for a violation of section 5 of the FTC Act.  *E.g.*, *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988). Nevertheless, if there has been a violation, the defendants' intent is relevant to the court's determination of appropriate relief.  *See FTC v. Medicor LLC*, 2001 WL 765628, *2 (C.D. Cal. June 26, 2001) (denying motion to strike because good faith is relevant for determining whether to issue a permanent injunction and whether to hold defendants individually liable).

Although the defendants' first affirmative defense does not immunize them from liability, it may be relevant to the determination of appropriate relief.  Thus, I deny the FTC's motion to strike the defense of good faith.

          2.    *Laches*

The defendants have asserted the defense of laches and have argued that the evolving case law related to the availability of that defense against the government precludes the court from granting the FTC's motion to strike.  The Second Circuit has noted that laches is not available against the federal government when it undertakes to enforce a public right or to protect the public interest.  *E.g.*, *United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002), *citing United States v. Summerlin*, 310 U.S. 414, 416 (1940).  *See also SEC v. Sarivola*, 1996 WL 304371, *1

(S.D.N.Y. June 6, 1996) ("The settled precedent in this circuit holds that laches is not an available defense in an SEC enforcement action seeking injunctive relief.").  The defense of laches is legally insufficient and hereby stricken.

3.     *Failure to Exhaust Administrative Remedies*

If the FTC has reason to believe that a person, partnership, or corporation is violating the FTC Act, it "may bring suit in a district court of the United States to enjoin any such act or practice."  15 U.S.C. § 53(b).  Exhaustion of administrative remedies is not required.  *See, e.g.*, *United States v. JS & S Group, Inc.*, 716 F.2d 451, 457 (7th Cir. 1983).  The third affirmative defense is stricken.

4.     *Offsets/Set-offs*

The defendants have pleaded an affirmative defense relating to monetary relief.  They assert that any monetary relief should be offset by the benefit received by consumers, refunds paid to consumers, costs associated with the sale of services, and that any monetary relief awarded the government should be reduced by sums paid in the form of taxes and postage.

Although there is no authority in support of the defendants' claim that taxes, postage, or costs associated with sales should offset damages, any monetary award may reflect benefits received by consumers and should be reduced by any refunds.  I decline to strike the fourth affirmative defense.

5.     *First Amendment*

The defendants have asserted an affirmative defense grounded in First Amendment protections.  Although the defense may prove unsuccessful if the plaintiffs establish a violation of the FTC Act, *see Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984), there may be a

set of facts that support the defendants' claim that their actions are protected by the First Amendment.  *But cf. id.* ("Nor is the [FTC's] prior substantiation doctrine as applied [in that case] in violation of the First Amendment.")  Thus, the motion to strike is denied with respect to the fifth affirmative defense, First Amendment protections.

6.      *Waiver*

The FTC's authority to bring an action under section 13(b) of the FTC Act is not derived from the defendants' contracts with individual consumers, and individual consumers' reliance on misrepresentations is not required.  *See FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605 (9th Cir. 1993) (noting presumption of actual reliance when FTC proves misrepresentations were widely disseminated and consumers purchased the product); *FTC v. PMCS*, 21 F. Supp. 2d 187, 190 (E.D.N.Y. 1998) (collecting cases and listing elements that FTC must prove to establish a deceptive trade practice).  The FTC may not waive the requirement of an act of Congress.  *Cf. SEC v. Morgan, Lewis & Bockius* 209 F.2d 44, 49 (3rd Cir. 1954).  Accordingly, I strike the defendants' sixth affirmative defense, waiver.

7.      *Adequate Remedy at Law*

In addition to a permanent injunction, the FTC seeks ancillary relief, including recession of contracts and restitution.  The defendants assert that in determining whether to grant equitable monetary relief, the court must consider the availability of an adequate remedy at law for any injured consumer.

Under section 13(b) of the FTC Act, a court may exercise its equitable powers to order consumer restitution.  *See McGregor v. Chierico*, 206 F.3d 1378, 1389 (11th Cir. 2000) (affirming district court's order granting full consumer refunds); *FTC v. Five-Star Auto Club,*

*Inc.*, 97 F. Supp. 2d 502, 533-34 (S.D.N.Y. 2000) (noting that in action pursuant to section 13(b), the court's equitable powers include its authority to order payment for consumer redress or restitution and that the proper amount of relief is the full amount lost by consumers).

The availability of a legal remedy does not prevent the FTC from seeking ancillary equitable relief. *Cf. FTC v. Hang-Ups Art Enterprises, Inc.*, 1995 WL 914179, *4 (C.D. Cal. Sept. 17, 1995) (striking a similar affirmative defense and noting that "the existence of legal remedies for individual consumers under state law does not bar the FTC from seeking equitable relief under the FTC Act; to find otherwise would nullify much of the FTC Act").

The affirmative defense regarding an adequate remedy at law is stricken.  If necessary, the court will consider the availability of alternative remedies in determining whether to order ancillary relief.

        8.     *Mootness*

The defendants argue that they "are entitled to show they have ceased their allegedly actionable conduct."  Def. Opp. Memo. at 14.  Although cessation of conduct is not a defense to a violation of the FTC Act, like the good faith defense, it may be relevant with respect to an appropriate remedy.  Accordingly, the motion to strike with respect to the mootness defense is denied.

        9.     *Howard's Reliance on Others*

Howard has asserted an affirmative defense relating to his reasonable, good faith reliance on others.  As noted above, good faith is not a defense to a violation of the FTC Act. Nevertheless, Howard may prove a state of facts based on his reliance on others that establishes that he did not control the acts or practices that allegedly violate the Act.  If Howard did not

participate directly in those acts or practices and did not have authority to control them, he is not individually liable for injunctive relief for corporate practices. *See FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997). The motion to strike the ninth affirmative defense is denied.

10.    *Not Acting in Individual Capacity*

Martin Howard has asserted as an affirmative defense that he "did not act in his individual capacity." Whether Howard acted "in his individual capacity" or otherwise does not affect the elements that the FTC must establish in order for Howard to be individually liable. *See, e.g.*, *FTC v. Crescent Publishing Group, Inc.*, 129 F. Supp. 2d 311, 324 (S.D.N.Y. 2001) (noting that individual defendants will be held liable on a showing that they participated in the corporate defendants' wrongful acts or that they had the authority to control the corporate defendants and knew of the acts or practices). Accordingly, the affirmative defense relating to individual capacity is stricken because it is insufficient as a matter of law.

C.    Reservation of Right to Add Affirmative Defenses

The FTC seeks to strike the following sentence from the defendants' answer: "Defendants reserve the right to assert additional affirmative defenses that become apparent during discovery." Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a) provides that when more than twenty days have passed since service of a pleading, a party may amend its pleading only by leave of court or by written consent of the adverse party. The court shall give leave to amend freely when justice requires. Fed. R. Civ. P. 15(a).

The defendants acknowledge in their brief that they seek to reserve the "right to seek leave to amend." Def. Opp. Memo. at 16. Although the language of the reservation is imprecise,

I deny the motion to strike the reservation of right to add affirmative defenses because the defendants do retain the right to seek leave of the court to amend their answer.

      D.     <u>Asserted Right to Jury Trial</u>

The defendants have demanded a jury trial, apparently on the ground that the ancillary relief sought by the FTC is legal, not equitable, in nature.  The Seventh Amendment protects the right to a jury trial in suits "at common law."  U.S. Const. amend. VII.  The test for determining entitlement to a jury trial is two-part.  First, the court must determine "whether the action would have been deemed legal or equitable in 18th century England, and second whether the remedy sought is legal or equitable in nature."  *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993).  "The court must balance the two [determinations], giving greater weight to the latter."  *Id.*

The Second Circuit addressed the applicability of the Seventh Amendment to a suit for an injunction in *SEC v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90 (2d Cir. 1978), and noted that such a suit would have been deemed equitable in the United States and England in 1791:

> [I]t has been assumed for decades that a suit for an injunction, whether by the Government or a private party, was the antithesis of a suit "at common law" in which the Seventh Amendment requires that the right to trial by jury "shall be preserved."  In 1791, when the Seventh Amendment became effective, injunctions, both in England and in this country, were the business of courts of equity, not of courts of common law.

*Id.* at 95.  Like the SEC's suit for an injunction, the case at bar would have been deemed equitable in eighteenth-century England.

The second question is whether the relief sought is legal or equitable in nature.  In

addition to a permanent injunction, the FTC seeks ancillary relief that may include restitution and disgorgement.  Like the defendants in *Commonwealth Chemical Securities*, the defendants appear to be arguing that "money is money," *i.e.*, because of the possibility of monetary relief, the remedies sought cannot be purely equitable.  *Id.*  Not all claims for money are triable to a jury; rather, the court must consider the nature of any claim for a money judgment in order to determine whether it is equitable or legal in nature.  *Id.* (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962)).

Here the FTC seeks "ancillary relief, including but not limited to, rescission of contracts and restitution and the disgorgement of ill-gotten gains."  Compl. Prayer for Relief.  Restitution and disgorgement of profits are equitable in nature.  *See id.* (holding that with respect to restitution and disgorgement, "the court is not awarding damages to which plaintiff is legally entitled but is exercising the chancellor's discretion to prevent unjust enrichment"); *Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821, 825 (2d Cir. 1994) (noting that restitution damages and money awarded incidental to the grant of equitable relief are not legal in nature).  Accordingly, the defendants do not have the right to a jury trial and their request for one is stricken.

The plaintiff's motion to strike (doc. # 29) is GRANTED in part and DENIED in part.

It is so ordered.

Dated at Bridgeport, Connecticut, this 25th day of January 2006.

          /s/ Stefan R. Underhill
              Stefan R. Underhill
              United States District Judge