UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

BRONSON PARTNERS, LLC, et al.,

Defendants.

CIVIL NO. 3:04CV1866 (SRU)

## SETTLEMENT AGREEMENT

Whereas, the Plaintiff instituted this action demanding judgment against the Defendants, including a disgorgement order; and

Whereas, judgment entered on January 5, 2010 in favor of the Plaintiff, and against Defendants Bronson Partners, LLC, Martin Howard and H & H Marketing, LLC (the "Defendants"), jointly and severally, in the amount of $1,942,325.00, plus statutory interest; and

Whereas, Sandra Howard, who had been named as a relief defendant in the action, was adjudged to have no liability for any portion of the judgment against the Defendants; and

Whereas, thereafter, the Plaintiff and the United States Department of Justice sought to garnish and/or recover certain assets within the possession of Sandra Howard as potentially subject to the judgment against the Defendants;

Whereas, the Plaintiff, the Defendants, and Sandra Howard now desire to enter into this Settlement Agreement; and

Therefore, it is hereby agreed by the Plaintiff, the Defendants, and Sandra Howard (collectively, the "Parties" to this Agreement) and ORDERED by this Court that:

1. Defendant Martin Howard agrees that the contents of UBS account NE-05287-JH, which is an Individual Retirement Account for the benefit of Defendant Martin Howard ("Martin's IRA Account"), shall be liquidated in full and the resulting funds shall be paid to the Plaintiff ("Martin's Payment"). Defendant Martin Howard agrees to timely execute such documents provided by the Plaintiff necessary to effectuate the liquidation of Martin's IRA Account and Martin's Payment.

2. Defendant Martin Howard agrees to quitclaim to Sandra Howard any and all right, title and interest he may have in real property commonly known as 142 Regents Park, Westport, Connecticut, by properly executing and delivering to Sandra Howard a quitclaim deed in the form attached hereto, prior to the date this Settlement Agreement is approved by the Court.

3. Upon delivery of the properly executed quitclaim deed to Sandra Howard and delivery of Martin's Payment to the Plaintiff, Sandra Howard timely shall make a lump-sum payment to the Plaintiff in the amount of Two Hundred Sixty-Three Thousand Dollars ($263,000.00) **less** the value of Martin's Payment, resulting in a total payment to the Plaintiff of Two Hundred Sixty-Three Thousand Dollars ($263,000.00) (the "Settlement Sum"). Sandra Howard agrees to pay all funds by electronic funds transfer to the Department of Justice, pursuant to written instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office, 157 Church Street, New Haven, Connecticut.

4. In consideration of the obligations of the Defendants and Sandra Howard set forth in this Agreement, and conditioned upon full payment of the Settlement Sum to the Plaintiff, and subject to all other terms and conditions of this Agreement, the United States of America (on behalf of itself, its officers, agents, agencies and departments) hereby fully and finally releases

Sandra Howard from any and all claims that the United States of America has asserted, could have asserted or may assert in the future against Sandra Howard related to the action, the judgment entered in the action, and/or the enforcement of the judgment entered in the action, including any claim for payment of any kind, and any claim (including any fraudulent conveyance claim) relating to UBS account NE-07250-JH, held by Martin Howard and Sandra Howard jointly, d/b/a H & H Marketing. The United States of America also agrees to withdraw and/or release as soon as practicable any application for writ of garnishment, and any lien or encumbrance of any kind, on any asset of Sandra Howard, including withdrawing the application for writ of garnishment as to UBS account NE-07248; releasing the judgment lien on the real property commonly known as 142 Regents Park, Westport, Connecticut, in favor of the Federal Trade Commission and recorded in Volume 3054 at Page 192 of the Westport Land Records; and releasing the judgment lien on the real property commonly known as 142 Regents Park, Westport, Connecticut, in favor of the United States of America and recorded in Volume 3139 at Page 58 of the Westport Land Records; and will execute and deliver to Sandra Howard as soon as practicable a formal release of each of the aforementioned liens, which releases shall clearly reference the relevant volume and page number in the Westport Land Records and shall be duly witnessed and notarized, and which Sandra Howard shall have the right to use in any manner, including to record publicly.

5.   In consideration of the obligations of the Defendants and Sandra Howard set forth in this Agreement, and conditioned upon full payment of the Settlement Sum, and subject to all other terms and conditions of this Agreement, the United States of America (on behalf of itself, its officers, agents, agencies and departments) hereby fully and finally releases the Defendants

from any and all claims that the United States of America has asserted, could have asserted or may assert in the future against the Defendants related to the action, the judgment entered in the action, and/or the enforcement of the judgment entered in the action, and agrees to withdraw and/or release as soon as practicable any application for writ of garnishment, and any lien or encumbrance of any kind, on any asset of any of the Defendants, including: withdrawing the application for writ of garnishment as to UBS account NE-07247-JH, which is an H&H Marketing profit sharing plan for the benefit of Martin Howard; and releasing any lien or encumbrance in favor of the United States of America on the real property commonly known as 13737 Primavera Drive, Corpus Christi, Texas 78418; and will execute and deliver to Martin Howard (with a copy to Sandra Howard) as soon as practicable a formal release of any such lien or encumbrance, which release shall be duly witnessed and notarized, and which Martin and/or Sandra Howard shall have the right to use in any manner, including to record publicly.

6. Each Party represents that this Settlement Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

7. Sandra Howard warrants that she has not been the recipient of any undisclosed transfer of assets from any of the Defendants. Sandra Howard warrants further that she has not concealed from the Government, assisted in concealing from the Government, or held for the purpose of concealing from the Government, any of the Defendants' assets. Sandra Howard further agrees that in the event either of these warranties is determined by the United States of America to be false or misleading, that the United States of America is released from any and all obligations under this Settlement Agreement.

8. Defendant Martin Howard agrees that for the time period commencing with the date of this Settlement Agreement through December 29, 2017, he will submit complete financial statements to the United States of America within twenty-one (21) days of a written request, which request will direct to which address the financial statement and supporting documents should be mailed. Such request shall not be made more than two times in any twelve month period. Defendant Martin Howard warrants that any and all information provided in those financial statements will be accurate and complete. Defendant Martin Howard further warrants that he has not engaged in any undisclosed transfer of assets to or from himself and/or to or from any of the Defendants. Defendant Martin Howard warrants further that he has not concealed from the Government, assisted in concealing from the Government, or held or transferred for the purpose of concealing from the Government, any of his and/or the other Defendants' assets. Defendant Martin Howard further agrees that in the event any of these warranties is determined by the United States of America to be false or misleading, that the United States of America is released from any and all obligations to any of the Defendants under this Settlement Agreement.

9. The Parties acknowledge that the agreements in this Settlement Agreement are provided in exchange for valuable consideration also provided in this Settlement Agreement.

10. Nothing in this Settlement Agreement shall be construed to limit or otherwise have any affect on any of the provisions set forth in the Permanent Injunction Order entered on December 29, 2009 by the United States District Court for the District of Connecticut in this case styled *Federal Trade Commission v. Bronson Partners, LLC, et al.*, Docket No. 3:04CV1866 (SRU), docket entry no. 220.

11.     The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Settlement Agreement shall be the United States District Court for the District of Connecticut.

12.     The individuals signing this Settlement Agreement on behalf of each Party represent and warrant that they are authorized by the respective Party to execute this Settlement Agreement.

### ON BEHALF OF THE UNITED STATES OF AMERICA

David B. Fein
United States Attorney

August 20, 2012
~~June ___, 2012~~

Christine Sciarrino
Assistant United States Attorney
157 Church Street, 23rd Floor
New Haven, CT   06510
(203) 821-3780/Fax: (203) 773-5392
Federal No. CT03393
Email:  Christine.Sciarrino@usdoj.gov

### ON BEHALF OF BRONSON PARTNERS, LLC

June ___, 2012

6

11. The individuals signing this Settlement Agreement on behalf of each Party represent and warrant that they are authorized by the respective Party to execute this Settlement Agreement.

**ON BEHALF OF THE UNITED STATES OF AMERICA**

David B. Fein
United States Attorney

August 20, 2012

Christine Sciarrino
Assistant United States Attorney
157 Church Street, 23rd Floor
New Haven, CT  06510
(203) 821-3780/Fax: (203) 773-5392
Federal No. CT03393
Email:  Christine.Sciarrino@usdoj.gov

**ON BEHALF OF BRONSON PARTNERS, LLC**

June 19, 2012

6

ON BEHALF OF H & H MARKETING, LLC

June 19, 2012                    /s/ Martin Howard

ON BEHALF OF MARTIN HOWARD

June 19, 2012                    /s/ Martin Howard

ON BEHALF OF SANDRA HOWARD

June ___, 2012                   _____

APPROVED AND SO ORDERED ON THIS _____ DAY OF _____, 2012 AT BRIDGEPORT, CONNECTICUT.

_____
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

7

ON BEHALF OF H & H MARKETING, LLC

June __, 2012                        _____

ON BEHALF OF MARTIN HOWARD

June __, 2012                        _____

ON BEHALF OF SANDRA HOWARD

June 29, 2012                        *Sandra Howard*

APPROVED AND SO ORDERED ON THIS 28TH DAY OF January, 2013

AT BRIDGEPORT, CONNECTICUT.

                                     _____
                                     STEFAN R. UNDERHILL
                                     UNITED STATES DISTRICT JUDGE

7